J-A28009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GREGG SCHOLL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARGARET SCHOLL | |
| Appellee | No. 923 EDA 2016 |

Appeal from the Order Entered February 23, 2016
In the Court of Common Pleas of Northampton County
Domestic Relations at No(s): CID: 613115096
No. DR-6915

BEFORE:  PANELLA, J., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 07, 2017**

"Reasonable child care expenses paid by either parent, if necessary to maintain employment or appropriate education in pursuit of income, shall be allocated between the parties in proportion to their net incomes and added to his and her basic support obligation." Pa.R.C.P. 1910.16-6(a). The issue presented in this appeal is whether the trial court abused its discretion when it required Appellant, Greg Scholl ("Father"), to contribute towards the costs of a nanny utilized by Appellee, Margaret Scholl ("Mother"). Father argues that Mother's retention of a nanny is unreasonable and unnecessary.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court's order entered on February 22, 2016, sets forth the parties' support obligations. As Father correctly notes, "Nowhere in the trial court's order or in the court's opinion does the court identify the exact amount of the child care expense that the court determined to be 'reasonable and necessary.'" Appellant's Brief, at 10. The order does not mention the nanny or set any amount for the nanny's salary or expenses. The order, dated February 16, 2016, sets forth the parties' monthly net salaries and support obligations for three distinct periods: February 1, 2015 through May 31, 2015; June 1, 2015 through August 31, 2015; and from September 1, 2015 on.

In his brief, Father calculates two different annual expenses for the nanny: $29,133.96, for February 1, 2015 through May 31, 2015, and $29,477.04, beginning on June 1, 2015. **See** Appellant's Brief, at 11, nn. 2-3. The trial court's opinion,[1] in summarizing the deposition testimony, notes that "the parties paid the nanny $30,928.00" in 2013. Trial Court Opinion, filed 5/12/16, at 5. And that "In 2014, the nanny received $20,800 in wages, and Defendant paid the 7.65% for social security wages and 'several hundred dollars' for unemployment" and paid "approximately $540.00 per month for the nanny's health insurance." **Id**. The court notes, "All of the

_____

[1] "[A] trial court opinion is not part of the evidentiary record and cannot be used to add to or contradict evidence in the case…." **Commonwealth v. Stewart**, 84 A.3d 701, 709 n.3 (Pa. Super. 2013) (emphasis omitted).

current expenses for the nanny were the same as when the parties were married and living together." *Id*. But there is no concrete number attributed to that statement. And, as noted, the figures varied during the previous years. The opinion then goes on to explain its reasons as to why Mother's use of the nanny is reasonable. *See id*., at 6-7, 11. But that analysis is utterly devoid of any discussion of the expense associated with the nanny or what each party is financially obligated to pay for the nanny.

With no specific finding in the order (or even in the record) as to the expense of retaining the nanny, we are simply unable to determine whether the nanny constitutes a reasonable child care expense under Rule 1910.16-6(a). The order, as entered, cannot sustain a finding that the nanny is a reasonable child care expense.[2]

---

[2] In the order, the trial court set forth specific dates and corresponding monthly net incomes for Father and Mother. *See* Order, filed 2/22/16, at 1-2. The order also states, "Calculations appended." *Id*., at 2. The calculations attached to the order are three pages of guideline calculation worksheets, each dated February 12, 2016.

The monthly net incomes set forth in the order *vary widely* from the monthly net incomes calculated in the attached guideline calculation worksheets. For example, for the three-month period from June 1, 2015 until August 31, 2015, the monthly net income set forth in the order for Father is $5,062.00, but in the attached guideline calculation his monthly net income is $6,843.38. Mother's net monthly income for this same three-month period is $15,959.00 in the order, but in the attached guideline calculation her monthly net income is $13,583.76. The same figures for both parties appear in the order and attached guideline calculation worksheets for the period beginning September 1, 2015. The incompatible figures are inexplicable, but neither party on appeal takes issue with their incompatibility.

Accordingly, we vacate the order and remand for proceedings consistent with this memorandum. On remand, the trial court, if it again finds the expense is reasonable, shall also allocate the expense of retaining the nanny between the parties in proportion to their net incomes. ***See*** Pa.R.C.P. 1910.16-6(a), *Example*.

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/2017